UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBIN D. JONES, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 16-CV-0049-CVE-FHM |
| | ) |
| MEGAN J. BRENNAN, | ) |
| Postmaster General, | ) |
| | ) |
|        **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Amend (Dkt. # 40). Plaintiff asks the Court for leave to file a second amended complaint in light of allegedly new information discovered during the deposition of defendant's 30(b)(6) representative. Defendant asks the Court to deny plaintiff's motion, arguing that the time for amendment is long passed, that defendant would be prejudiced by amendment, and that plaintiff has failed to provide a proper reason for her delay. Dkt. # 42.

**I.**

This case arises out of defendant's alleged failure to accommodate plaintiff's high-risk pregnancy and alleged retaliation against plaintiff for requesting an accommodation for her high-risk pregnancy. Specifically, plaintiff alleges that, after plaintiff's doctor advised that she could not stand for more than four hours a day, defendant failed to accommodate plaintiff and instead "walked plaintiff off the clock" after four hours of work and docked her sick days for the four remaining hours of her shift. See Dkt. # 17, at 5-10.

Plaintiff filed this case on January 28, 2016, alleging discrimination and retaliation on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII), and failure to accommodate and retaliation in violation of the Rehabilitation Act,

29 U.S.C. § 701 et seq. Dkt. # 1. The Court granted in part defendant's first motion to dismiss (Dkt. # 9), dismissing plaintiff's Title VII race discrimination and Rehabilitation Act claims. On September 14, 2016, plaintiff filed an amended complaint (Dkt. # 17) alleging discrimination and retaliation on the basis of gender under Title VII and retaliation under the Rehabilitation Act. Defendant filed a second motion to dismiss (Dkt. # 19), asking the Court to dismiss plaintiff's Rehabilitation Act claim, which the Court denied on December 6, 2016. Dkt. # 30. The deadline for motions for joinder of additional parties and/or amendment to the complaint was July 15, 2016. Dkt. # 13. This case has been pending over 15 months, and the parties are proceeding under a second amended scheduling order (Dkt. # 36). The discovery cutoff is June 29, 2017.

Plaintiff now moves for leave to file a second amended complaint, adding an allegation that defendant "engaged in a policy, pattern, practice, and custom of systematic gender discrimination against workers with pregnancy-related work restrictions." Dkt. # 40, at 2. Plaintiff asserts that she could not have known that defendant's allegedly discriminatory treatment of her was pursuant to policy and not "the result of specific and individualized retaliation and spite against [plaintiff]." Dkt. # 40, at 2. Plaintiff asserts that she only learned that defendant was acting pursuant to a policy during the deposition of defendant's 30(b)(6) representative, Jeffrey Dalton, who testified that defendant has different accommodation policies based on whether the accommodation was needed because of an on-the-job injury. Id. at 2-3.

## II.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). A court may deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). "Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay." Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1495 (10th Cir. 1995) (citing Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)).

### III.

Plaintiff now moves for leave to amend her complaint to add an allegation that defendant's alleged discrimination was pursuant to a policy of discrimination against pregnant employees. Dkt. # 40. Defendant argues that the time for amendment is long passed, that defendant would be prejudiced by amendment, and that plaintiff has failed to provide a proper reason for her delay. Dkt. # 42.

Plaintiff's motion is nine months out of time and discovery is now well underway and almost complete. The Court will not allow amendment in these circumstances unless plaintiff provides an adequate explanation for her delay. Plaintiff argues that she could not have known that defendant had multiple accommodation policies at the time her complaint was filed. It is not entirely clear what

3

plaintiff is attempting to allege regarding defendant's accommodation policies because she has failed to provide the Court with either a transcript of Dalton's deposition testimony or a proposed order specifically setting forth the allegations plaintiff seeks to add,[1] but plaintiff appears to be "shocked" that defendant has multiple accommodation policies and that pregnant women are subject to the "off-the-job injury, light duty policy." See Dkt. # 40, at 2-3. However, that defendant made a distinction between on-the-job and off-the-job injuries and considered plaintiff's pregnancy not to be an on-the-job injury was, at a minimum, strongly implied by the facts alleged in the original complaint. Plaintiff asserted that, after she provided management with her doctor's note, she was told that defendant did not have to accommodate her situation "because it's not an on-the-job injury." Dkt. # 1, at 9.

Plaintiff asserts that she and her counsel assumed that defendant's failure to accommodate plaintiff "was the result of specific and individualized retaliation and spite against [plaintiff]," and that they believed defendant "would chalk the adverse employment actions up to an administrative error, and a one-off that occurred by accident and that was an isolated incident." Dkt. # 40, at 2. Plaintiff provides no basis for these assumptions, but even if plaintiff and her counsel had no idea

---

[1] Defendant also argues that its ability to fully respond to plaintiff's motion was inhibited by plaintiff's failure to include a proposed order as required by Local Rule 7.2(l). Dkt. # 42, at 5. Local Rule 7.2(l) states that all motions to amend or add parties "shall be accompanied by a proposed order submitted pursuant to the Administrative Guide which specifically sets forth what is being amended and/or the names of parties being added." Plaintiff filed a proposed order stating that she wished to "add language advancing a policy, pattern, practice, and custom allegation" and "language requesting the specific relief of an order, upon a finding of liability against the Defendant, enjoining the Defendant from its continued due of the at-issue pregnancy accommodation policy and practice." Although it did not contain the specific language plaintiff would use or the additional facts plaintiff would allege to support her new allegations, plaintiff's proposed order sets out the allegations plaintiff seeks to add with enough specificity to comply with Local Rule 7.2(l).

4

that defendant had multiple accommodation policies until Dalton's deposition,[2] it would not constitute an adequate explanation for delay because plaintiff should have known that defendant had a different policy for on-the-job injuries considering that she was told that her accommodation had been denied because her limitations were not caused by an on-the-job injury. Therefore, plaintiff's motion for leave to amend her complaint should be denied because it is nine months late and plaintiff has failed to provide an adequate explanation for the delay.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend (Dkt. # 40) is **denied**.

**DATED** this 25th day of April, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court agrees with defendant that this assertion is undercut by plaintiff's counsel asking defense counsel whether he would object to plaintiff amending her complaint the day <u>before</u> Dalton's deposition. <u>See</u> Dkt. # 42-1.

5